IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

SEP 30 2019

US DISTRICT COURT
WESTERN DISTRICT OF NC

DOCKET NO.: 3:19CR79

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| JAVIER GUILLEN ISLAS ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. §§ 924 and 982, and 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- The real property at 9733 Gel Garry Place, Charlotte, NC 28215, more particularly described in a deed, filed in the Mecklenburg County Public Record on September 27, 2018 to Maria de Jesus Campos Gutierrez and Maria Auxilio Campos Gutierrez, as all of lot 30 of Lamplighter Village shown in Map Book 15 page 267;

- The following firearm seized during the course of the investigation: a DPMS, model A-150, 6.8 caliber rifle, a magazine, and ammunition; and

- Approximately $5,000 in seized currency derived from the sale of a Chevrolet truck paid for by Defendant.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s), except that law enforcement shall refrain from taking possession of the real property until the date of sentencing and shall only take possession of the real property if Defendant does not tender the $75,000 identified above.

1

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned assets constitute properties derived from or traceable to proceeds of Defendant's crimes herein, properties used in any manner to facilitate the commission of such offenses, and/or properties involved in such offenses, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. §§ 924 and 982. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
JAVIER GUILLEN ISLAS
Defendant

_____
ERIN TAYLOR, ESQ.
Attorney for Defendant

Signed this the 30 day of Sept, 2019.

_____
HON. ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE